### SECURITIES AND EXCHANGE COMMISSION v. OKIN.

District Court, S. D. New York.

May 17, 1943.

Judgment Modified Nov. 29, 1943.

See, also, 132 F.2d 784.

John F. Davis, of Philadelphia, Pa., and John J. Prendergast, of New York City (Edward H. Cashion, of Philadelphia, Pa., Sidney H. Willner, of New York City, Mayer U. Newfield, of Philadelphia, Pa., and Samuel Binder, of Brooklyn, N. Y., of counsel), for plaintiff.

Samuel Okin, of New York City, defendant pro se.

BURKE, District Judge.

By this action the Securities and Exchange Commission seeks to restrain the defendant from violating its rules relating to the solicitation of proxies. The complaint alleges violations and threatened violations of the rules in connection with a latter date October 19, 1942 and mailed by the defendant to about 20,000 stockholders of Electric Bond and Share Company, and preliminary copies of proxy soliciting material consisting of a form of proxy and proxy letter addressed to stockholders dated November 12, 1942, filed with the Commission in compliance with Rule X–14A–4(b) of Regulation X–14. The latter material solicits the stockholders to appoint the defendant as their proxy to vote at a special meeting of stockholders to be called in the future, and there to vote for the removal of seven of the nine directors now comprising the board, amending the company's by-laws so as to reduce the number of directors from nine to five, and electing the defendant and two other named persons as new directors.

The October letter was not filed with the Commission. The complaint alleges it should have been filed as required by the rules. The defendant contends that it was not proxy soliciting material, but was merely his report of what had happened at a meeting of stockholders held on October 14, 1942, and that, not being a solicitation, it was not required to be filed. On September 24, 1942, the defendant had filed with the Commission preliminary copies of a letter addressed to stockholders urging them not to sign proxies solicited by the management and to revoke any that had been signed. On the basis of the September letter, the Commission brought an action in the District Court for the Southern District of New York, to restrain the defendant alleging that the letter contained false and misleading material. The District Court dismissed the complaint for insufficiency in law upon its face because the letter was not a solicitation of proxies. The Commission appealed to the Circuit Court of Appeals. That Court held that, although at the time of the argument the date of the October stockholders meeting had passed, the question was not moot because on the record it had no right to assume that the meeting had not been adjourned, and, even if not adjourned, that it would not follow that the defendant had abandoned his effort to become an officer.

The Court held the letter contained false and misleading information and reversed the judgment. Securities and Exchange Commission v. Okin, 2 Cir., 132 F.2d 784, decided January 4, 1943. The October letter was another step in defendant's general plan which had for its purpose the solicitation of proxies and as such is to be considered as a solicitation and subject to regulation. Securities and Exchange Commission v. Okin, supra. It referred to undisclosed contemplated action in the interests of stockholders requiring the filing of certain papers with the Commission. The letter itself was sufficient indication of an undisclosed plan. The November letter and proxy filed with the Commission was the unfolding of the plan.

▆ Defendant contends that the controversy as to whether the November letter contained false and misleading material and whether the form of proxy violated any of the Commission's rules is moot, because the letter and proxy have since been superceded by definitive copies filed with the Commission in accordance with its rules and mailed to stockholders. Rule X–14A–4(b) requires the filing with the Commission of preliminary copies of proxy soliciting material not later than ten days prior to the date definitive copies are first sent or given to stockholders. Preliminary copies were filed by the defendant on November 9, 1942. This action was commenced on November 18, 1942. The defendant was subjected to the terms of a temporary restraining order which enjoined him from mailing or sending the soliciting material complained of and later to similar terms of a preliminary injunction which is still in force. The preliminary filing, although for the information of the Commission only, was sufficient evidence that the defendant intended to mail or send the material contained therein to stockholders so as to warrant the Commission in the exercise of its discretion in commencing this action to enjoin the defendant pursuant to Section 18(f) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79r(f). Unless enjoined by Court order the defendant could, in compliance with Rule X–14A–4(c), have filed with the Commission the proxy soliciting material in the form in which it was to be released to stockholders simultaneously with the mailing to stockholders

and thus have accomplished its transmittal to stockholders without affording the Commission an opportunity to enforce compliance with the rules. The Commission was not required to wait to ascertain whether the defendant would do so. It acted within its rights in commencing the action upon the defendant's threat of violation. In this connection it is to be noted that the preliminary copies as filed with the Commission were not accompanied by a statement indicative of the date they were to be mailed to stockholders as required by Rule X–14A–4(d).

▆ The function of an injunction is to afford preventive relief. It deals primarily with threatened future violations, not with past violations. Swift & Co. v. United States, 276 U.S. 311, 326, 48 S.Ct. 311, 72 L.Ed. 587. The September letter contained false and misleading material. The October letter, although subject to regulation by the Commission, was not filed as required by the rules. The November letter is false and misleading and contains material omissions. The proxy form filed therewith is not in compliance with the rules. The proof establishes that the defendant intends to continue his solicitation of proxies. The conduct of the defendant with respect to his past violations of the Commission's proxy rules constitutes sufficient ground for holding that there is likelihood that he will continue his non-observance of the rules unless prevented from so doing by Court order and warrants the issuance of a permanent injunction. Securities and Exchange Commission v. Torr, 2 Cir., 87 F.2d 446, 449; Securities and Exchange Commission v. Universal Service Ass'n, 7 Cir., 106 F.2d 232, 239.

Defendant argues that an injunction would serve no useful purpose because he does not intend to transmit the November letter or proxy to stockholders but he nevertheless contends that all the changes that he made in the definitive copies were made only to satisfy the whim or fancy of the Commission and that all the information contained in the November letter was true. His present attitude demonstrates the need for injunctive relief and makes it advisable to make specific findings as to each particular part of the November letter claimed by the Commission to violate its rules, lest the defendant will again attempt during the course of his present plan to solicit proxies to

embrace any of the false and misleading material in his solicitations.

The plaintiff is entitled to a permanent injunction. Findings and Conclusions are filed herewith.